IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| LISA MICHELLE CARLISLE | § | |
| v. | § | CIVIL ACTION NO. 2:13cv966 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has objected to the Magistrate Judge's conclusion that the ALJ's determination that the Plaintiff was only partially credible is supported by substantial evidence, and the Magistrate Judge's conclusion that the ALJ's residual functional capacity discussion is sufficiently specific to make clear that the SSR 96-7p regulatory factors were considered.

Plaintiff argues that the ALJ failed to consider all seven of the factors set out in SSR 96-7p in determining that her statements were not substantiated by objective medical evidence. She did not advance this argument in her brief or reply brief. The ALJ observed that Plaintiff suffered a knee injury in September of 2011 and her treating physician gave her a work release without restrictions in May of 2012. State agency physician Dr. Cremona stated that Plaintiff's limitations were not expected to remain severe for 12 consecutive months. The medical records did not support the level of severity alleged by the Plaintiff and she was working three part-time jobs.

The ALJ is not required to specifically articulate evidence supporting a credibility finding and discuss the evidence that was rejected. Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). The

ALJ likewise is not required to "mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility." Clary v. Barnhart, 214 F.App'x 479, 2007 WL 201145 (5th Cir., January 24, 2007), *citing* Hillman v. Barnhart, 170 F.App'x 909, 2006 WL 690879, 110 Soc. Sec. Rep. Service 70 (March 20, 2006) (upholding ALJ's decision despite the fact that the ALJ "did not explicitly discuss every factor set forth in the regulations.") The ALJ's decision was supported by substantial evidence even though each individual factor may not have been discussed.

Furthermore, procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). To establish prejudice stemming from an error, the claimant must show that he could and would have adduced evidence that might have altered the result, Kane v. Heckler, 731 F.2d 1216, 1219-20 (5th Cir. 1984), or that adherence to the ruling might have led to a different decision. Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000). Plaintiff has made no such showing. Her objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 3rd day of August, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3